STATE of Minnesota, Respondent,

v.

Harvey Thomas KELLEY, Appellant.

No. 50432.

Supreme Court of Minnesota.

June 20, 1980.

Jeffrey A. Hassan, St. Paul, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas W. Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

KELLY, Justice.

Defendant was found guilty by a district court jury of four prostitution-related offenses: (a) inducing a person under 18 years of age to practice prostitution, Minn. Stat. § 609.32, subd. 2(1) (1978), (b) keeping a place of prostitution, Minn. Stat. § 609.32, subd. 3(1) (1978), (c) transporting a prostitute from one place of prostitution to another such place for purpose of prostitution, Minn. Stat. § 609.32, subd. 3(6) (1978), and (d) bringing a prostitute to another person for the purpose of prostitution, Minn. Stat. § 609.32, subd. 4(3) (1978). The trial court sentenced defendant, on the first offense only, to a maximum prison term of 10 years. On his appeal from judgment of conviction and the order denying a new trial, defendant contends that the prosecutor committed prejudicial misconduct in closing argument, that certain *Spreigl* evidence was erroneously admitted, that a gun admitted in evidence should have been suppressed as the product of an illegal search, that the trial court, on the ground of incompetency, should have refused to permit one prosecution witness from testifying, and finally that the evidence supporting two of the convictions was legally insufficient. We affirm three of the convictions but reverse the conviction of transporting a prostitute from one place of prostitution to another such place for the purpose of prostitution.

The evidence at trial established that defendant, a 52-year-old man, solicited a 14-year-old runaway to live with his family and work as a prostitute for him, and that this is what happened for approximately 5 or 6 weeks, until the girl left and returned to her foster home.

We do not address two of the issues raised by defendant because defense counsel did not object or otherwise raise the issues at the trial level and therefore the issues must be deemed forfeited. We reach but deem meritless the issue relating to the admission of the gun seized from defendant's camper in a probable-cause search conducted when defendant was arrested.

We agree with defendant that the prosecutor acted improperly in closing argument when she referred to defendant as a "cancer of society" who should be "taken off the streets." This statement assumed that defendant was guilty, involved the use of the kind of vituperative language which we have discouraged, and arguably tended to divert the jurors from their true function, which was not to see that defendant was taken off the streets but to determine, objectively and dispassionately, the guilt or innocence of defendant of the charges against him. However, the trial court properly told the jury that he was striking the offending language, and the evidence of defendant's guilt was overwhelming; therefore, we hold that the error was nonprejudicial.

Defendant raises one other issue concerning the prosecutor's closing argument but our examination of the record convinces us that the only prosecutorial misconduct was that which we just discussed.

Defendant's final contention is that the evidence was insufficient to support two of the four convictions, specifically, the conviction of soliciting or inducing and the conviction of transporting a prostitute from one place of prostitution to another place of prostitution for the purpose of prostitution. There is no merit to the contention that the evidence was insufficient to support the conviction of soliciting or inducing. The conviction of transporting a prostitute from one place of prostitution to another such place was based on evidence that defendant transported complainant in his camper, which was clearly a place of prostitution and also a means of transit, to the apartment of a customer. The issue in question is whether Minn. Stat. § 609.32, subd. 3(6) (1978) applies to this conduct. Rather than decide this issue, we simply vacate this conviction as superfluous since the conviction of bringing a prostitute to another person for the purpose of prostitution was based on the same act and since the reversal has no effect on defendant's sentence, which was for the conviction for soliciting or inducing.

We affirm but vacate the conviction under Minn. Stat. § 609.32, subd. 3(6).