STATE of Minnesota, Respondent,

v.

Norman C. GANT, Appellant.

No. 51724.

Supreme Court of Minnesota.

May 22, 1981.

C. Paul Jones, Public Defender, and Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Michael McGlennen, Asst. County Attys. and Thomas A. Weist, Minneapolis, for respondent.

PETERSON, Justice.

Defendant was found guilty by a district court jury of charges of burglary, Minn. Stat. § 609.58, subd. 2(1)(b) (1980) (burglary of dwelling accompanied by commission of an assault upon a person present therein), and criminal sexual conduct in the first degree, Minn.Stat. § 609.342(c) (1980) (sexual penetration of complainant who reasonably fears great bodily harm to herself or another). The trial court, over objection by defense counsel, sentenced defendant to two consecutive prison terms of 20 years each. On this appeal from judgment of conviction defendant contends (1) that he should receive a new trial because the trial court erroneously denied his motion to suppress, a motion which was based on the contention that the warrantless entry of defendant's residence to arrest him violated the fourth amendment, and (2) that at the very least, the 20-year sentence for burglary should be reduced to 10 years because in this case the enhancement of that sentence to 20 years was based on the same act of sexual assault on which the criminal sexual conduct conviction was based. We affirm.

1. Defendant's first contention relates to the warrantless entry of his apartment to arrest him.

In *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), the United States Supreme Court held that the fourth amendment prohibits police, absent exigent circumstances or consent, from making a warrantless entry into a suspect's residence in order to make a felony arrest.

*Payton* is inapplicable in this case for two reasons. First, *Payton* should not be given retroactive effect. *State v. Smith*, 305 N.W.2d 798 (Minn.1981); *State v. Watts*, 305 N.W.2d 860 (Minn.1981). Second, it is clear that exigent circumstances were present and that they justified the warrantless entry in this case. *See State v. Lasley*, 306 Minn. 224, 236 N.W.2d 604 (1975), *cert. denied*, 429 U.S. 1077, 97 S.Ct. 820, 50 L.Ed.2d 796 (1977); W. Donnino and A. Girese, *Exigent Circumstances for a Warrantless Home Arrest*, 45 Albany L.Rev. 90 (1980).

The crimes in question were extremely serious crimes. Specifically, three men unlawfully entered the home of the victim at night when her husband was at work, and, in addition to taking personal property, committed violent sexual assaults on the woman. Police were called to the scene shortly after the intruders left. Information developed at the scene (in the form of a recovered wallet dropped by one of the intruders) strongly indicated that one of the intruders was defendant and that he was living at one of two addresses. The officers went to one of the two residences immediately and determined that the car used by the intruders was parked there and that defendant resided there. They then went to the apartment and knocked. While the entry probably could not be deemed consensual because the officers had their guns drawn, we believe that the immediate circumstances which led to the entry were exigent circumstances. The officers knew that in a case such as this time is of the essence. Acting promptly enabled them to arrest defendant before he had time to realize that he had lost his billfold. Failure to act promptly and without a warrant might have resulted in not only the loss of or destruction of evidence but also in defendant's flight from the jurisdiction.

2. The other issue is whether the 2-year consecutive sentence for burglary should be reduced to 10 years because in this case the enhancement of that sentence to 20 years was based on the same act of sexual assault on which the criminal sexual conduct conviction was based.

Minn.Stat. § 609.035 (1980) provides as follows:

Except as provided in section 609.585, if a person's conduct constitutes more than one offense under the laws of this state he may be punished for only one of such offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them. All such offenses may be included in one prosecution which shall be stated in separate counts.

Section 609.585, referred to in section 609.035, provides as follows:

A prosecution for or conviction of the crime of burglary is not a bar to conviction of any other crime committed on entering or while in the building entered.

Section 609.585 superseded Minn.Stat. § 621.12 (1961), which provided:

Every person who, having entered a building under such circumstances as to constitute burglary in any degree, shall commit any crime therein, shall be punished therefor as well as for the burglary, and may be prosecuted for each crime separately.

The advisory comment to section 609.585 states as follows:

This will supersede Minn.Stat. section 621.12 to the same effect. The provision is probably unnecessary in view of judicial decisions which reach the same conclusion in the absence of a statutory provision.

The burglary statute makes burglary subject to varying punishment depending on the circumstances of the burglary. Thus, if one enters a building without consent and only with the intent to commit a misdemeanor, then one is subject to 1 year in prison. If one commits an ordinary burglary of a building with the intent to steal or commit a felony or gross misdemeanor, then one faces a maximum 5-year prison term. If one commits a basic burglary of a dwelling and someone is home, one faces a 10-year term. If one does as defendant did and commits an assault on someone who is within a dwelling being burglarized, then one faces a 20-year prison term.[1] When

defendant speaks of his term having been enhanced by 10 years because of the assault, he is referring to the difference between the basic 10-year sentence he would have received if he had not assaulted anyone and the 20 years he actually received because he assaulted the victim.

Defendant apparently agrees that under section 609.585 it was proper to sentence him for both burglary and the sex crime, but he argues that the burglary sentence should have been for the basic 10-year sentence applicable to burglary of a dwelling with people present, not the 20-year enhanced term. His reasoning is (a) that the legislature did not intend that one in his situation should in effect be punished twice for the sex offense, first to an extra 10 years in connection with the conviction for burglary and then 20 years in connection with the sex conviction, (b) that the double jeopardy clause prohibits this sort of double sentencing even if the legislature did intend it, and (c) that fundamental fairness would justify a reduction of the burglary sentence to 10 years.

Under recent decisions of the United States Supreme Court, whether *double punishment* of a defendant for two offenses in a single prosecution results in double jeopardy turns ultimately on whether it can be said that the legislature specifically intended that the defendant in such a situation be subject to multiple punishment. *Whalen v. United States*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980). In *Whalen* the United States Supreme Court held that legislative intent to impose multiple punishment at a single criminal proceeding completely controls the question of double jeopardy with respect to the punishment. Stated differently, the Court has apparently adopted the analysis of the double jeopardy clause's prohibition on double punishment which appears in P. Westen and R. Drubel, *Toward a General Theory of Double Jeopardy*, 1978 S.Ct.Rev. 81, 106–22. Under

1. For other examples of types of burglaries carrying a 20-year term, see Minn.Stat. § 609.-58, subd. 2(1) (1980).

this analysis, the function of the court in cases in which the defendant claims double punishment is to try to determine the intent of the legislature. The court is aided in this determination by a presumption that the legislature did not intend double punishment for the same offense, but that presumption is rebuttable by a clear and persuasive showing by the state of legislative intent in favor of double punishment.

█ Defendant's argument that he is being punished twice for the same offense in the same proceeding is based on the so-called *Blockburger* rule, which basically is that if one offense is necessarily included in another, then the two offenses are the same offense.

The *approach which is usually taken in* applying the *Blockburger* rule is the so-called strict construction approach. Under this approach the court must look at the statutory definitions rather than the facts in a particular case to determine if the lesser offense is necessarily included.

However, the Court has stretched the *Blockburger* rule somewhat in the context of the felony-murder rule. This is because the definition of felony murder figuratively leaves a blank space and the grand jury or the prosecutor fills in the blank with the felony which fits. As submitted to the jury, the underlying felony will be one of the elements of the offense of felony murder.

Using this reasoning the Court in *Whalen* held that where a felony-murder conviction was based on a murder committed during a rape, the rape was a lesser-included offense and therefore the same offense for double jeopardy purposes. The Court then concluded, on the basis of the presumption of lenity, that Congress did not intend that the defendant who committed the felony murder while raping the woman should be punished both for the murder and the rape.[2]

In this case defendant uses similar reasoning in arguing that the two offenses were the same offense for double jeopardy purposes. The analogy is not a perfect one. In *Whalen*, proof of rape was a necessary element of proof of the felony-murder charge. In this case, proof of rape was not a necessary element of the proof of burglary of a dwelling accompanied by an assault; only a proof of some sort of an assault was needed. This is not to say that the analogy is totally unpersuasive.

However, even assuming that the two offenses in this case are the same offense *for purpose of analyzing the case in double* jeopardy terms, it does not follow that the enhanced punishment for the burglary was improper. This is because the legislature, in our opinion, has clearly stated its intent that a defendant who commits the acts which defendant committed be subject to the enhanced double sentence which defendant received.

In this respect, defendant tries to distinguish our recent decision in *State v. Alexander*, 290 N.W.2d 745 (Minn.1980). In that case the defendant was convicted of a burglary of a dwelling while armed with a dangerous weapon and an armed robbery committed inside the house. He received consecutive sentences of 20 years each for the burglary and the armed robbery. Defendant argues that because there were two victims in that case, the two consecutive 20-year sentences could be sustained under the multiple-victim exception to section 609.035. The trouble with this argument, though, is that we addressed the issue as an issue of double sentencing not under the multiple-victim exception but under the burglary exception to section 609.035, and we specifically held that the legislature in enacting section 609.585 intended to permit double punishment in cases like this.

Affirmed.

---

**2.** This court in *State v. Morgan*, 296 N.W.2d 397, 402 (Minn.1980), while upholding the trial court's determination that the evidence did not justify submitting aggravated robbery to the jury, held that it was a lesser offense of the charge of felony murder because the indictment charged aggravated robbery as the underlying felony.