STATE of Minnesota, Respondent,

v.

Larry Lee SMITH, Appellant.

No. 51562.

Supreme Court of Minnesota.

May 22, 1981.

C. Paul Jones, Public Defender and Robert J. Streitz, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Michael McGlennen, Thomas A. Weist and Anne E. Peek, Asst. County Attys., Minneapolis, for respondent.

AMDAHL, Justice.

Defendant was found guilty by a district court jury of charges of third-degree murder and simple robbery. Minn.Stat. §§ 609.195(2) and 609.24 (1980). The conduct forming the basis of the convictions consisted of defendant's binding and gagging the victim in order to silence her and prevent her from interfering with his taking and removing of items from her residence. The victim died as the result of asphyxiation caused by the gagging. The trial court sentenced defendant to a prison term of 25 years for the murder. On this appeal from judgment of conviction defendant contends that he should be given a new trial because certain incriminating evidence which was admitted at his trial was obtained in violation of his constitutional rights. Specifically, defendant raises issues concerning (1) the applicability of *Payton v. New York*, 455 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), to his warrantless arrest, the legality of which defendant did not challenge in the trial court and (2) the voluntariness of defendant's confession, an issue which defendant did raise in the trial court. We affirm.

1. In *Payton v. New York*, the United States Supreme Court held that the fourth amendment prohibits police, absent exigent circumstances or consent, from making a warrantless entry—that is, crossing the threshold—into a suspect's residence in order to make a felony arrest. We do

not believe that *Payton* will or should be given retroactive application. For full discussion of the cases and relevant principles, see 3 W. LaFave, *Search and Seizure* § 11.5(a) (1978). The arrest in this case antedated *Payton* and therefore, under the rule of nonretroactivity, the *Payton* rule would have no application even if defendant had objected to his warrantless arrest at trial, something he failed to do. 3 W. LaFave, *Search and Seizure* § 11.5(b) (1978).

2. We address defendant's other contention, that his confession was involuntary, since he raised that issue in the trial court. The applicable principles are expressed in *State v. Linder*, 268 N.W.2d 734 (Minn.1978), and require no repetition here. We have independently determined, on the basis of the facts found by the trial court, that defendant's confession was voluntary and that the trial court therefore properly denied the motion to suppress on this ground.

Affirmed.