**STATE of Minnesota, Respondent,**

v.

**Helen L. HINKLE, Appellant.**

**No. 51645.**

Supreme Court of Minnesota.

Sept. 18, 1981.

C. Paul Jones, Public Defender, and Mary C. Cade, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Asst. County Atty., Chief, Appellate Section, Michael McGlennen, Asst. County Atty., Thomas A. Weist and Anne E. Peek, Law Clerks, Minneapolis, for respondent.

PETERSON, Justice.

Defendant was found guilty by a district court jury of aggravated robbery, Minn. Stat. § 609.245 (1978), and was sentenced by the trial court to a prison term of 49 months. Issues raised by defendant on her appeal from judgment of conviction relate to the sufficiency of the evidence, admissibility of a statement obtained from defendant by the police as the product of an arrest which defendant claims violated *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), admissibility of so-called *Spreigl* evidence, and adequacy of the instructions on the *Spreigl* evidence. We affirm.

Early on December 29, 1979, defendant, another woman and a man entered a north Minneapolis tippling house. Defendant and the other woman were known to the operator of the house but the man was not. After being there just a short time, defendant displayed a small sawed-off shotgun and demanded money and liquor. When the operator of the house began to tussle with defendant for control of the gun, the man intervened and aided in the completion of the robbery.

The victim identified both women from photographs and they were arrested in an

apartment they shared. The other woman was never prosecuted for the offense. The victim subsequently identified the man, Johnnie Walker, through pictures, and Walker was convicted. His conviction was affirmed by this court in *State v. Walker*, 310 N.W.2d 89 (Minn.1981).

 1. Unlike Walker, defendant does not contend that the evidence at her separate trial was insufficient on the issue of identification, but she claims that the evidence was insufficient to establish that a robbery occurred. There is no merit to this contention.

 2. Defendant's contention that the trial court erred in refusing to suppress a statement she made to the police is based on her claim that the warrantless entry of her residence by police to arrest her was unconstitutional under *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). The trial court ruled that the entry was consensual and that therefore *Payton* did not apply. We need not decide whether the entry was consensual, because we have already decided that *Payton* is not to be applied retroactively. *Watts v. State*, 305 N.W.2d 860, 862 (Minn. 1981); *State v. Smith*, 305 N.W.2d 798, 799 (Minn.1981). Since the arrest in this case preceded the decision in *Payton*, the decision does not apply to this case.

 3. Defendant's third contention is that the trial court prejudicially erred in admitting the *Spreigl* evidence. The evidence consisted of testimony of a south Minneapolis man who knew defendant that she and another woman robbed him just a few months earlier in his own residence. We hold that the trial court properly admitted the evidence because the evidence of defendant's participation in the other crime was clear and convincing, the evidence was relevant, and the probative character of the evidence outweighed its potential for unfair prejudice. *State v. Bolts*, 288 N.W.2d 718 (Minn.1980).

 4. Defendant's final contention is that the trial court should have instructed the jury that the *Spreigl* evidence was admitted because the evidence on the issue of identification was weak. The strength of the state's evidence is a factor to be considered by the trial court in determining admissibility of *Spreigl* evidence. *State v. Billstrom*, 276 Minn. 174, 178, 149 N.W.2d 281, 284 (1967). However, admissibility is a legal issue and it is neither necessary nor advisable for the trial court to instruct the jury on the legal prerequisites to admissibility. All that is required is that the jury receive an adequate cautionary instruction concerning the proper use of such evidence.

Affirmed.