**Claude FISHER, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. 82–607.

Supreme Court of Minnesota.

Dec. 17, 1982.

---

C. Paul Jones, Public Defender, and Elizabeth B. Davies, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Thomas A. Weist, Richard Osborne, Asst. County Attys., Beverly J. Wolfe and William A. Neiman, Asst. County Atty., Minneapolis, for respondent.

KELLEY, Justice.

Defendant was found guilty by a district court jury of burglary and criminal sexual conduct in the first degree, Minn.Stat. §§ 609.58, subd. 2(1)(b), and 609.342(c) (1980). The trial court sentenced defendant to two consecutive prison terms of 20 years each.[1] On this appeal from the order of the district court denying his petition for post-conviction relief, defendant contends (1) that his convictions should be reversed outright on the ground that the evidence of his guilt was legally insufficient or (2) that he should receive a new trial because the trial court prejudicially erred in certain evidentiary rulings. Specifically, he argues that the trial court prejudicially erred in admitting evidence seized in a warranted search, identification testimony, and evidence that one of his separately tried codefendants had admitted being one of the three parties to the crime. We affirm.

Early on the morning of February 7, 1980, three men unlawfully entered the house of the victim when her husband was at work and, in addition to taking personal property, committed violent sexual assaults on the victim. Discovery of a dropped wallet led police to an apartment where Norman Gant was residing. Because of the exigent circumstances, police justifiably entered that apartment without consent and without a warrant and arrested Gant. *State v. Gant,* 305 N.W.2d 790, 791 (Minn. 1981). When they arrested him, they also discovered an item of property that had been taken from the victim's house. The victim identified Gant in a lineup later that morning. The following day the victim selected defendant's picture from a photographic display. She later positively identified defendant in a confirmatory lineup held on the 11th following defendant's arrest. The third participant in the crimes was Delbert Richardson, who left Minneapolis on the 12th for army basic training in Oklahoma. Richardson was arrested in Oklahoma on the 20th and he confessed on the 21st. Scientific analysis failed to ex-

---

1. The crimes were committed before May 1, 1980. Therefore the Sentencing Guidelines were inapplicable. The propriety of consecutive 20-year prison terms for the offenses was decided in the appeal by Norman Gant, a separately tried codefendant who received an identical sentence. *State v. Gant,* 305 N.W.2d 790 (Minn.1981). The other codefendant, Delbert Richardson, who pleaded guilty to burglary as part of a plea agreement, received a single 20-year prison term.

clude any of the three as the source of semen left by one or more of the assailants. An expert testified that a foreign hair found in a combing of the victim's pubic hair was not observedly different from a sample of pubic hair taken from defendant but was different from samples taken from the other defendants. It was also established that defendant resided part of the time with his sister and Richardson, her husband, and that defendant was an acquaintance of Gant, whose girlfriend's mother was a close friend of defendant's mother.

Defendant's contention that the evidence of his guilt was legally insufficient is without merit. We believe that the evidence of defendant's guilt was overwhelming.

Similarly, there is no merit to defendant's contention that the identification procedures created a "very substantial likelihood of irreparable misidentification" of defendant. *Manson v. Brathwaite,* 432 U.S. 98, 116, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977); *Neil v. Biggers,* 409 U.S. 188, 198, 93 S.Ct. 375, 381, 34 L.Ed.2d 401 (1972).

No useful purpose would be served by reproducing the affidavit in support of the application for the warrant to search the residence of defendant and Richardson on the 13th. Although we believe that the affidavit was clearly not a model affidavit, we are not compelled to decide whether it was adequate to establish probable cause. The only evidence admitted against defendant that was discovered and seized in the search was a photograph of defendant and Richardson together and an identification card bearing Richardson's name. These items did not inform the jury of anything that the jury would not have learned anyhow, namely, that defendant and Richardson lived in the same house. Further, we note that at the conclusion of the evidence the state sought to withdraw these exhibits but defense counsel objected.

The final issue is whether the trial court erred in ruling that the jury could be informed that Richardson had confessed to being the third of the three participants in the crimes. The general subject of the admissibility against a defendant of a declaration against penal interests by a codefendant is discussed in 4 J. Weinstein & M. Berger, Weinstein's Evidence § 804(b)(3) [03], at 804–109—804–114 (1979) and 4 D. Louisell & C. Mueller, Federal Evidence § 489 at 1171–1183 (1980). The leading Eighth Circuit case on the subject is *United States v. Riley,* 657 F.2d 1377 (8th Cir.1981). Minnesota cases bearing on this subject include *State v. Hansen,* 312 N.W.2d 96 (Minn.1981). We do not address the issue because we are satisfied that even without the evidence in question the case against defendant was not significantly less persuasive than it was with the evidence. *United States v. Riley,* 657 F.2d 1377 (8th Cir.1981). First, the information that the court conveyed to the jury did not expressly reveal that Richardson had implicated defendant. Second, the information that the court conveyed (that Richardson had confessed) was not significantly different from the information which defense counsel agreed could be conveyed to the jury (that the victim had correctly identified Richardson and that Richardson had given a statement). Finally, the evidence of defendant's guilt was overwhelming.

Affirmed.