Delbert RICHARDSON, petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. 82–772.

Supreme Court of Minnesota.

Dec. 17, 1982.

---

Margaret G. LaMarche, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., and William Neiman, Asst. County Atty., Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Delbert Richardson, age 35, from an order of the district court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. 590.01, subd. 3 (Supp.1981). We affirm.

Petitioner and two others, Norman Gant and Claude Fisher, were charged with criminal sexual conduct in the first degree and burglary. The charges were based on an incident in which the three men unlawfully entered the home of a woman at night when her husband was at work and, in addition to taking personal property, committed violent sexual attacks on the woman. Gant and Fisher were convicted of both charges and were both sentenced to two consecutive 20-year prison terms. Pursuant to a plea agreement, petitioner was permitted to plead guilty to burglary and he was sentenced to a single term of 20 years in prison.

The burglary offense in question is a severity level VII offense. If the Sentencing Guidelines had been in effect at the time petitioner committed the offense, petitioner's criminal history score at the time of sentencing would have been one (based on a prior aggravated robbery conviction). The presumptive term for a severity level VII offense by a person with a criminal history score of one is an executed prison term of 32 (30–34) months. If petitioner were resentenced to the presumptive term he would be entitled to immediate discharge from prison and from sentence.

In *State v. Champion*, 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." Petitioner is a violent offender with a record of recidivism. He had the burden of overcoming these factors and proving that his early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. The district court concluded that petitioner failed to meet this burden, and we agree.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.