Norman C. GANT, Petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. C9–83–75.

Supreme Court of Minnesota.

April 22, 1983.

C. Paul Jones, Public Defender, and Mary Steenson, Asst., Minneapolis, for appellant.

Hubert H. Humphrey III, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Rick Osborne, Michael Richardson and Beverly J. Wolfe, Asst. County Attys., Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Norman C. Gant, age 28, from an order of the Hennepin County District Court denying his petition for post-conviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (1982). We affirm.

Petitioner and two others, Delbert Richardson[1] and Claude Fisher,[2] were charged with criminal sexual conduct in the first degree and burglary. The charges were based on an incident in which the three men unlawfully entered the home of the victim at night when her husband was at work and, in addition to taking personal property, committed violent sexual assaults on the victim. Petitioner was convicted of both charges and was sentenced to two consecutive 20-year prison terms. We affirmed his convictions and sentences in *State v. Gant,* 305 N.W.2d 790 (Minn.1981).

Petitioner's sentence expiration dates are September of 1993 and September of 2006. His current expected release date is August of 1987.

If the Sentencing Guidelines had been in effect at the time of the commission of the offenses, petitioner's criminal history score at the time of sentencing would have been one (based on a prior robbery conviction). The burglary offense is a severity level VII offense and the sex offense is a severity level VIII offense. The presumptive sentence for a severity level VII offense by a person with a criminal history score of one is 32 (30–34) months in prison, and the presumptive sentence for a severity level VIII offense by a person with a criminal history score of one is 54 (50–58) months in prison. Absent aggravating circumstances, the two sentences would run concurrently with each other. If petitioner were resentenced to the presumptive sentences, he would be entitled to supervised release on about April 30, 1983, and would remain under supervision until approximately August 5, 1984.

In *State v. Champion,* 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." Petitioner's sentences are for very serious crimes. Petitioner also is a repeat offender. Petitioner had the burden of overcoming these and other negative factors and proving that his early release from the sentences would not present a danger to the public and would not be incompatible with the welfare of society. The district court justifiably concluded that petitioner failed to meet this burden.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.

---

1. *See Richardson v. State,* 327 N.W.2d 79 (Minn.1982).

2. *See Fisher v. State,* 327 N.W.2d 30 (Minn. 1982).