**STATE of Minnesota, Respondent,**

v.

**Steven M. SIREK, Appellant.**

No.  C1–85–222.

Court of Appeals of Minnesota.

Sept. 17, 1985.

Review Denied Nov. 26, 1985.

Hubert H. Humphrey, III, State Atty. Gen., St. Paul, Robert F. Carolan, Dakota Co. Atty., Mark Nathan Lystig, Asst. Dakota Co. Atty., Hastings, for respondent.

C. Paul Jones, State Public Defender, Steven P. Russett, Asst. Public Defender, Minneapolis, for appellant.

Considered, and decided by POPOVICH, C.J., and SEDGWICK, and LANSING, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

Appellant Steven Sirek was convicted of murder in the second degree, Minn.Stat. § 609.19(2), and Minn.Stat. § 609.05 (1984). He contends a plea agreement entered into by his accomplice encouraged perjury and that the accomplice's testimony was therefore inadmissible. He also claims the evidence was insufficient, the trial court's decision was tainted by knowledge of appellant's involvement in criminal activity because the court heard evidence at a *Spreigl* hearing, and that a double durational departure was not justified. We affirm.

## FACTS

Appellant's conviction arose out of a purse snatching incident. Eugene Steichen picked appellant up, and after dropping off Kim Rowan, they drove around looking for purses to snatch.

They went to the Signal Hills Shopping Center where appellant saw an elderly woman and told Steichen to stop. Appellant asked the lady to come over and give him directions. As she began giving directions appellant reached out the window, grabbed her purse and told Steichen to go. Steichen took off. The woman hung on to the purse and was dragged over 100 feet as Steichen sped away. She suffered multiple traumatic injuries to her body and head and an aorta fracture and died a "violent death" according to medical testimony.

The two men drove away leaving the dying woman. Appellant was dropped off with the purse. Steichen told his girlfriend

that he and appellant were involved in a purse snatching. Appellant called Kathy Arionus and told her Steichen gave him a purse containing checks and credit cards. Arionus went to appellant's house and noticed the house was barricaded. Appellant wanted Arionus to buy groceries and write out a check with the victim's checkbook. Arionus told appellant she would take the purse to the owner, hoping to obtain a reward. Appellant told her to wipe off the fingerprints. The purse was returned a few days later and the contents were subsequently analyzed by the BCA for fingerprints. Appellant's prints were found on a rain bonnet which was in the purse.

Steichen pleaded guilty to second degree murder and agreed to testify against appellant. Appellant waived a jury trial. The court, after "lengthy review and consideration of the evidence, the Exhibits, the applicable law" found appellant guilty of second degree murder. On the same day another judge sentenced Steichen to a presumptive executed sentence, based on his criminal history score of 2, of 127 months imprisonment. Appellant was later sentenced to 210 months, double the presumptive sentence under the sentencing guidelines.

## ISSUES

1. Should Steichen's testimony have been ruled inadmissible because his plea agreement was of a contingent nature and encouraged perjury?

2. Was appellant's accomplice's testimony sufficiently corroborated and was the evidence sufficient to sustain his conviction?

3. Was appellant denied a fair trial because the court was exposed to *Spreigl* evidence at a mid-trial *Spreigl* hearing where appellant was tried by the court?

4. Did substantial and compelling circumstances justify an upward double departure?

## ANALYSIS

### I.

Appellant asserts that Steichen's plea agreement was of a contingent nature, encouraged perjury and that his testimony was thus inadmissible.

■ 1. Appellant never raised this issue before the trial court and cannot raise it for the first time on appeal. *State v. Kelley*, 295 N.W.2d 521, 522 (Minn.1980); *State v. Hudson*, 281 N.W.2d 870, 873 (Minn.1979); *State v. Richardson*, 372 N.W.2d 368 (Minn.Ct.App.).

2. In any event there is no merit to this contention. Steichen pleaded guilty to second degree murder and in return he agreed to cooperate and testify truthfully in pre-trial and trial proceedings involving appellant. The State agreed to leave sentencing to the discretion of the court with the understanding that another trial judge had indicated his intent to impose a presumptive term of 127 months. The State also agreed to seek dismissal of escape charges and that Steichen's sentence be run concurrently with a prior California sentence.

■ Steichen testified in conformity with the statement he had given to police before he pleaded guilty. The plea did not involve an agreement contingent on testimony adverse to appellant or upon a successful prosecution. *United States v. Waterman*, 732 F.2d 1527, 1531 (8th Cir. 1984). Rather, the contingency was to ensure Steichen's testimony, not its content. We disagree with appellant that the agreement conditioned the length of Steichen's sentence on the *content* or results of his testimony. *See United States v. Librach*, 536 F.2d 1228, 1230 (8th Cir.) *cert. denied* 429 U.S. 939, 97 S.Ct. 354, 50 L.Ed.2d 308 (1976). The delay of Steichen's sentencing until after his testimony does not violate appellant's due process rights. *See also State v. McGlynn*, 292 Minn. 405, 408–09, 195 N.W.2d 583, 585–86 (1972).

### II.

Appellant contends Steichen's testimony was insufficiently corroborated.

■ Corroboration was sufficient pursuant to Minn.Stat. § 634.04 (1984). Corrobo-

ration "is sufficient if it restores confidence in the accomplice's testimony, confirming its truth and pointing to the defendant's guilt in some substantial degree." *State v. Houle,* 257 N.W.2d 320, 324 (Minn.1977) (citation omitted); *see State v. Jones,* 347 N.W.2d 796, 800 (Minn. 1984); *Hanson v. State,* 345 N.W.2d 794 (Minn.Ct.App.1984). Several witnesses confirmed Steichen's testimony that on March 15, 1984 he left with Kim Rowan and drove to appellant's house around 1:20 p.m. and that he and appellant went to a gas station and used a forged $10 check to pay for gas. Further corroboration consisted of BCA fingerprint analysis which established appellant's print on a rain bonnet found in the victim's purse and by testimony from Arionus that appellant's house was barricaded, and that she received the purse from appellant. Testimony of a witness who pursued the car after it dragged the victim established two persons in the car. The evidence is clearly sufficient to sustain appellant's conviction.

### III.

After the state presented its evidence, a mid-trial *Spreigl* hearing was held. The trial court ruled the evidence inadmissible. Appellant asserts that the trial court's consideration of the issue tainted it as an objective factfinder.

■■ Again, appellant failed to object or otherwise raise this issue at the trial level. *State v. Kelley,* 295 N.W.2d 521, 522 (Minn.1980). Moreover, appellant's waiver of a jury trial was done with the full knowledge that the court as factfinder could be exposed to evidence which may be ruled inadmissible. Contrary to appellant's assertions, *Spreigl* determinations are not required to be resolved at the omnibus hearing level. *See State v. Billstrom,* 276 Minn. 174, 178, 149 N.W.2d 281, 284 (1967); *State v. Filippi,* 335 N.W.2d 739, 743 (Minn.1983); *State v. Hinkle,* 310 N.W.2d 97, 99 (Minn.1981).

### IV.

In its double departure from the presumptive 105 month sentence for a severity level IX offense and a criminal history score of 0, the trial court stated:

As punishment of that crime I feel it is my duty to sentence you to the custody of the Commissioner of Corrections of the State of Minnesota for a period for Two Hundred Ten (210) months. That sentence does in fact depart from the guidelines of 105 months and I feel because of the viciousness of this crime and the fact that the victim of the crime was [a] vulnerable elderly person, I am compelled in good conscience to double the guidelines sentence at this time.

■ The trial court's double departure is supported by substantial and compelling circumstances. The victim was particularly vulnerable because of her advanced age. Minnesota Sentencing Guidelines II.D. 2.b.(1); *State v. Evans,* 311 N.W.2d 481, 483 (Minn.1981); *State v. Jones,* 328 N.W.2d 736, 738 (Minn.1983); *State v. Hines,* 343 N.W.2d 869, 872 (Minn.Ct.App. 1984).

The victim was also treated with particular cruelty, Minnesota Sentencing Guidelines II.D.2.b.(2). She died an extremely violent death because appellant held her purse while she was dragged alongside the car for over 100 feet and then left lying in the parking lot. As the supreme court stated in *Jones,* defendant's "act in leaving the victim in a beaten condition and in failing to notify the paramedics anonymously relates back and supports the view that the crime was committed in a particularly cruel way." *Jones,* 328 N.W.2d at 738.

■ The fact that appellant's accomplice received the presumptive sentence is not a mitigating factor to reduce appellant's sentence. *See State v. Vazquez,* 330 N.W.2d 110, 112–13 (Minn.1983). Appellant received an aggravated sentence because his actions caused a brutal death, not because he exercised his constitutional right to trial. Appellant picked out the victim, lured her to the car, grabbed her purse, directed Stei-

chen to go, and held her purse while she was being dragged, leaving her to die in a parking lot. We will not reduce appellant's sentence.

## DECISION

Appellant received a fair trial and was properly sentenced to 210 months, double the presumptive sentence under the sentencing guidelines.

Affirmed.