## STATE v. GLEN HUTCHISON.[1]

May 16, 1913.

Nos. 18,136—(12).

**Grand larceny — possession of property — burden of proof.**

Defendant was convicted of grand larceny in the first degree mainly on evidence of his recent possession of the stolen property. It is *held:*

(1) There was no burden on defendant to explain his possession of the stolen property. Certain instructions to the jury considered and held erroneous and prejudicial as tending to convey the idea that a conviction was justified, unless the jury believed defendant's explanation to be a reasonable one and true.

(2) Evidence of good character goes to the probabilities and bears on the general question of guilt or innocence. An instruction in this case that confined the consideration of such evidence to the question of the reasonableness of defendant's explanation, and to his credibility as a witness, was erroneous, but whether prejudicial, is not decided.

(3) Defendant's guilt was not conclusively proved, and it therefore does not appear that the errors in the instructions may not have influenced the result.

[1] Reported in 141 N. W. 483.

---

Note.—For possession of recently stolen property as evidence of larceny, see note in 12 L.R.A.(N.S.) 199.

On the question of evidence of specific instances to prove character, see note in 14 L.R.A.(N.S.) 689.

Defendant was indicted by the grand jury of Steele county, and, after trial in the district court for that county before Childress, J., convicted of grand larceny in the first degree. From an order denying defendant's motion for a new trial, he appealed. Reversed.

*W. A. Sperry* and *T. S. Stevens,* for appellant.

*Lyndon A. Smith,* Attorney General, *Alexander L. Janes,* Assistant Attorney General, and *F. A. Alexander,* County Attorney, for respondent.

BUNN, J.

Defendant was convicted in the district court of Steele county of grand larceny in the first degree, and appeals from an order denying a new trial. The facts disclosed by the evidence were substantially as follows:

Between the hours of one and two o'clock on the morning of August 8, 1912, a plate glass window in the front of a jewelry store in Owatonna was broken, and a number of watches taken. Between six and seven o'clock in the evening of the same day, defendant offered to sell a watch to a jeweler in Rochester, which watch was in defendant's possession and was identified as one of the watches taken from the Owatonna store. Defendant told the Rochester jeweler that the watch had been given to him by his sister, and that he was working for a farmer some six miles south of the city, whose name he did not know. Later in the same evening defendant was arrested. He at first denied having any watches in his possession, but finally produced and delivered to the sheriff the watches that had been taken from the store window of the Owatonna jeweler in the early morning of the same day. He told the sheriff that he purchased the watches for $50 from a stranger while standing at the railway station in Owatonna. Defendant had no money in his possession when he was searched, but did have a monkey wrench and a cord. During the afternoon of the day before the watches were taken, the defendant was seen to pass the store several times and to look into the window. This was in substance the state's case.

Defendant testified in his own behalf, adhering to his story that he had purchased the watches from the stranger at the Owatonna

station, and denying his guilt. He admitted that he told the Rochester jeweler that his sister had given him the watch he was trying to sell, and that this was not true. In addition to defendant's testimony, there was evidence tending to show that defendant might have had money in his possession, and rather strong evidence that he was a boy of very good habits and character.

. The main reliance of defendant's counsel on this appeal is the claim that there were errors in the charge that entitled defendant to a new trial. The trial court in its charge, after defining the crime, and detailing the facts of the breaking into the store and the taking of the watches by somebody, and the finding of the property in defendant's possession, said:

"If those facts were undisputed, and if there were no reasonable explanation of why this property was in the possession of the defendant, then I think that a verdict of guilty by the jury would be justified by such evidence, that is, I mean to say, that if what I have just stated is unexplained by some reasonable explanation, that is, the fact that the store was broken into and the goods were in the possession of the defendant the next day, and he offered no reasonable explanation of why those goods were in his possession, and you should return a verdict of guilty, I should say that that verdict might be justified by that evidence, but that is for you to say under all the circumstances."

"The defendant denies that he took the property from the building and offers as a reason for its being in his possession that he bought it from some person down near the depot. It is a question for you to determine whether or not he has offered a reasonable explanation of why this property was in his possession. In determining this question you have a right to take into consideration his past character and the life that he has lived in weighing his evidence for the purpose of determining whether or not the explanation which he has given is a reasonable one. I say you have a right to take into consideration his past record and character and his associates and the manner in which he has lived; those things have been offered here in evidence for the jury to take into consideration in determining what weight they shall give to the defendant's testimony."

The court then told the jury that defendant was presumed to be innocent until proven guilty beyond a reasonable doubt.

That there are errors in the instructions quoted there can be no doubt. In effect they told the jury that unless defendant's explanation was a reasonable one, there should be a conviction. The vice here is twofold:

1. The question was not whether defendant's story was a reasonable one, but whether it was true. An unreasonable story may be a true one, and reasonable and plausible stories are often false ones.

2. Defendant was not bound to prove the truth of his story, or that his explanation was reasonable. He was entitled to an acquittal, if the jury had any reasonable doubt as to the truth of his explanation. The instruction was well calculated to make the jury understand that the burden of proof was upon defendant to explain his possession of the stolen property to the satisfaction of the jury. The general instruction as to the presumption of innocence did not remove the sting. The presumption of fact which arises from the recent possession of stolen property in no way places the burden on the accused to explain how the articles came to his possession. The instructions were in all probability understood by the jury as making a conviction justified, unless they believed as a fact that defendant came by the stolen property honestly. They were clearly erroneous, and we cannot say defendant was not prejudiced. State v. McPherson, 114 Minn. 498, 131 N. W. 645; State v. McGrath, 119 Minn. 321, 138 N. W. 310.

It was also error to confine the consideration of the character evidence to the question of the reasonableness of defendant's explanation, or to the credibility of his testimony. Evidence of good character goes to the probabilities of defendant's guilt, and bears on the general question of guilty or not guilty. State v. Ames, 90 Minn. 183, 193, 96 N. W. 330. The state does not contend that this instruction was abstractly correct, but claims that, as applied to the facts of this case, it is apparent that no harm was done, because the defendant admitted his possession of the stolen goods and the only issue was on his explanation. There is force in this contention, and were this the only error, we should hesitate before holding it prejudicial.

We have a natural hesitation to reverse a conviction on errors in the instructions or in the admission of evidence, where the evidence of guilt is strong. And the doubt here is whether we ought to say that the result might have been affected by the erroneous instructions. But to reach the conclusions that the errors were without prejudice we must hold that the guilt of defendant was conclusively proven. This, in effect, is trying defendant in this court, and depriving him of his right to a trial by jury. He was entitled to a fair trial and to have the evidence weighed by the jury under instructions from the court that were reasonably accurate and not misleading. We are unable to hold that defendant's guilt was conclusively shown, or that the result might not have been different but for the erroneous instructions.

It was not necessary for defendant to except to the instructions at the trial, nor to request instructions correctly stating the law. We base our decision on the instructions given, and not on the failure of the court to instruct more fully and explicitly. It was probably not error in this particular case for the court to indicate its opinion that the facts recited by it would justify a conviction, but we do not commend this practice.

Order reversed and new trial granted.