STATE v. MARK STEVEN LONG.

216 N. W. 2d 640.

March 15, 1974—No. 43962.

*John S. Connolly,* for appellant.

*Warren Spannaus,* Attorney General, *William B. Randall,* Ramsey County Attorney, and *Steven C. DeCoster,* Assistant Ramsey County Attorney, for respondent.

Per Curiam.

Defendant, convicted of aggravated robbery, Minn. St. 609.245, following a jury trial contends on appeal from judgment that the trial court erred, first, in admitting testimony by three eyewitnesses positively identifying defendant as one of the two robbers, and, second, in refusing to instruct the jury that it could convict defendant of aiding an offender to avoid arrest, Minn. St. 609.495. We affirm.

Defendant objected to the identification testimony on the ground that the procedures used by the police were impermissibly suggestive. The police, after validly arresting defendant and his companion in the getaway vehicle within minutes following the robbery, took them to the scene of the robbery and conducted a showup at which each of the three eyewitnesses positively identified defendant. Although our recent decision in State v. Carey, 296 Minn. 214, 207 N. W. 2d 529 (1973), answers defendant's challenge to the identification procedures used, we also note that even were we to hold that the identification procedures were impermissibly suggestive, we would not reverse because identifi-

cation was not an issue at trial since defendant, in fact, admitted that he was present at the time of the robbery.

Defendant bases his second contention on his testimony that he did not know in advance that his companion planned to commit the robbery and that he did not participate in the robbery but only aided his companion in avoiding arrest. However, the fact that defendant so testified did not require the trial court to instruct the jury on the offense of aiding an offender to avoid arrest because that is a separate and distinct offense which is not an included offense of aggravated robbery under Minn. St. 609.04, subd. 1.

Affirmed.