## STATE v. EUGENE JOHN DINNEEN.

220 N. W. 2d 292.

July 5, 1974—No. 43870.

*C. Paul Jones,* State Public Defender, and *Alan C. Eidsness,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *Gary W. Flakne,* County Attorney, and *Theodore R. Rix, Vernon E. Bergstrom,* and *Michael McGlennen,* Assistant County Attorneys, for respondent.

Heard before Otis, MacLaughlin, and Yetka, JJ., and considered and decided by the court.

YETKA, JUSTICE.

This appeal is taken from a judgment entered on February 3, 1972, by the district court convicting defendant of "theft over $100.00" in the taking of an automobile in violation of Minn. St. 609.52, subd. 2(3)(b) and (4), and subd. 3(2), and sentencing defendant under the Dangerous Offender Act to a term not to exceed 10 years at Stillwater State Prison.

Defendant contends he was denied a fair trial because the state was permitted to introduce evidence of an offense that took place after the automobile theft for which defendant was being tried. Defendant further contends that the trial court committed reversible error by failing to give proper instructions to the jury regarding this evidence. Additionally, defendant alleges the imposition of an extended term of imprisonment under the Dangerous Offender Act, Minn. St. 609.155 and 609.16 was improper.

We reverse.

On September 1, 1971, at approximately 7 p. m., a man identifying himself as Mr. Carlson appeared at the residence of Jerald Zumwalt in response to an advertisement placed by Zumwalt offering to sell a 1963 maroon Cadillac automobile owned by Harold Zumwalt.

At approximately 9 p. m. that same evening this Mr. Carlson

returned to the Zumwalt residence and, after a brief conversation during which a price of $650 was agreed upon, Carlson persuaded Zumwalt to allow him to take the automobile for a brief test drive. Mr. Carlson never returned the automobile. Later that night the Zumwalts reported the car stolen to the police department. The stolen vehicle was subsequently recovered by the police and returned to the Zumwalts.

Jerald Zumwalt and his wife both identified a picture of defendant as the Mr. Carlson who had stolen the automobile on September 1, 1971.

On October 15, 1971, defendant was arrested at the residence of his former wife at 25 W. 33rd Street, Minneapolis and was charged with violation of Minn. St. 609.52, subd. 2(3)(b) and (4), and subd. 3(2), theft over $100. On January 18, 1972, defendant was brought to trial on this charge and found guilty by the jury. Thereafter the state moved for extended sentence under Minn. St. 609.155 and 609.16, and following hearing on the motion, the court did impose an extended sentence.

Defendant's first assignment of error is the trial court's admission of certain testimony in relation to an armed robbery that took place at a tavern known as Al's Bar 9 days after the commission of the offense for which defendant was on trial. Defendant contends that this evidence is inadmissible because the facts do not bring it within any of the exceptions to the general rule which restricts the use of evidence of crimes other than the offense for which defendant is currently being tried.

In State v. Sweeney, 180 Minn. 450, 455, 231 N. W. 225, 227, 73 A. L. R. 380, 385 (1930), we said:

"The general rule in a criminal case is that evidence which in any manner shows or tends to show that the accused has committed another crime independent of that for which he is on trial is inadmissible. The reason is obvious and the rule should be rigorously enforced. The rule, however, like most rules, has certain exceptions not to be stated categorically but among which evidence of other crimes is admissible to prove the accusation

when it tends to establish (1) motive, (2) intent, (3) absence of mistake or accident, (4) the identity of the accused, (5) sex crimes, (6) a common scheme or plan embracing the commission of similar crimes so related to each other that proof of one or more of such tends to establish the accusation."

The state produced one witness who testified that an automobile similar to the stolen automobile was seen leaving the scene of an armed robbery of Al's Bar which took place on September 10, 1971, 9 full days after the automobile theft of which defendant is accused. The state also produced a witness who testified that he saw an automobile similar to the Zumwalt vehicle near Al's Bar at the time of the robbery. The only connection that this robbery had to the offense with which defendant was charged was that investigation of the robbery led to the discovery by the police of the Zumwalt automobile at a location 1½ blocks from defendant's residence. There was *no* testimony identifying defendant as either a participant in the tavern robbery or an occupant of the 1963 maroon Cadillac seen immediately after the tavern robbery.

The prosecution contends the evidence at issue was required to show "a continuing deprivation of the true owner and intent at the time of the perpetration of the act."

This court has on numerous occasions considered cases involving application of the exclusionary rule and exceptions to that rule. However, in no case has this court held any of the exceptions applicable where the relationship of the offense charged to the evidence of "other crimes" was as tenuous as in the case at bar. Admittedly, it was relevant to put in evidence the fact that the stolen automobile was recovered near defendant's residence. However, the evidence at issue goes far beyond proving that fact and is an example of an overzealous use by the prosecution which could not fail to prejudice defendant's rights.

The prosecution cites the following cases in support of its position: State v. Hogan, 297 Minn. 430, 212 N. W. 2d 664 (1973); State v. Martin, 293 Minn. 116, 197 N. W. 2d 219 (1972); State

v. Wofford, 262 Minn. 112, 114 N. W. 2d 267 (1962) ; and State v. Sweeney, *supra*. However, none of these cases lends factual support to the admission of the evidence at issue.

In this case, the trial court did not feel the evidence in question established *any common scheme or plan*. Nor does the relevant case law from this jurisdiction support the conclusion that the car theft and tavern robbery form part of a "common scheme or plan." There is no relation in scheme and pattern and in time. State v. Klotter, 274 Minn. 58, 62, 142 N. W. 2d 568, 571 (1966), cited in State v. Saucedo, 294 Minn. 289, 292, 200 N. W. 2d 37, 40 (1972) ; State v. Wofford, *supra*.

Admission of the evidence cannot seriously be supported on the theory that it was necessary to prove intent to deprive the Zumwalts of their automobile. The crucial element of proof in this case was whether defendant was the man who took the automobile from the Zumwalts on September 1, 1971. It is obvious that whoever took that automobile did not intend to return it. Defendant does not contend that the requisite intent was lacking. He contends that he was not the thief.

As indicated earlier in this discussion, it was relevant to offer evidence showing that the automobile was recovered near defendant's residence. However, this fact could have been adequately placed in evidence without any mention of the tavern robbery. As this court recently stated in State v. Saucedo, *supra:*

"The trial court possesses discretion to determine whether evidence of other crimes is admissible * * *. However, where it is unclear whether or not the evidence is admissible as an exception to the general exclusionary rule, *the accused is to be given the benefit of the doubt* and the evidence rejected." (Citations omitted.) 294 Minn. 293, 200 N. W. 2d 40. (Italics supplied.)

Even though this evidence was improperly admitted, was it so prejudicial that defendant was deprived of a fair trial?

This court in State v. Wofford, 262 Minn. 112, 120, 114 N. W. 2d 267, 272, stated:

"* * * Where, however, the impact of the asserted error is such that it might be expected to substantially prejudice the jury against the defendant, *it should not be disregarded on the ground that the record contains sufficient other evidence* to sustain the conviction and that if the defendant were retried the same result would follow. Due process in the trial of a criminal case comprehends standards of conduct and procedure which accord with fundamental principles of fairness essential to the concept of justice and requires that the same standards of fairness be observed for the guilty as well as the innocent. In considering whether prejudicial error occurring at the trial may have affected its outcome, we said in State v. Hutchison, 121 Minn. 405, 409, 141 N. W. 483, 484:

" '* * * But to reach the conclusions that the errors were without prejudice we must hold that the *guilt of defendant* was conclusively proven. * * *' " (Italics supplied.)

In State v. Sweeney, *supra,* this Court stated that the exclusionary rule must be "rigorously enforced." 180 Minn. 455, 231 N. W. 227, 73 A. L. R. 385. It will be in this case.

Because we find that a new trial is required in this case for the reasons above stated, we need not rule on defendant's other assignments of error. However, we feel compelled to note that it would appear that the trial court not only erred in its ruling allowing evidence about the burglary but wholly failed in its duty to instruct the jury in the manner established by this court in State v. Billstrom, 276 Minn. 174, 179, 149 N. W. 2d 281, 285 (1967), where we said:

"(f)  Both at the time the evidence is received and in the final charge, the court should admonish the jury that the testimony is received for the limited purpose of establishing identity. It is the *court's duty* to advise the jury in unequivocal language that defendant is not being tried and may not be convicted for any offense except that charged, *warning* them that to convict for other offenses may result in unjust double punishment." (Italics supplied.)

Reversed and new trial granted.

MR. JUSTICE SCOTT took no part in the consideration or decision of this case.