## STATE v. DENNIS MICHAEL BERNIER.

226 N. W. 2d 864.

September 20, 1974—No. 44916.

---

*John O. Sonsteng,* County Attorney, and *Rick E. Mattox,* Assistant County Attorney, for appellant.

*C. Paul Jones,* State Public Defender, and *David Essling,* Assistant State Public Defender, for respondent.

PER CURIAM.

This is an appeal by the state pursuant to Minn. St. 632.11 from a pretrial order of the Dakota County District Court suppressing eyewitness identification of defendant by the victim of a burglary on the ground that an on-the-scene confrontation was so impermissibly suggestive as to create a substantial likelihood of misidentification. We reverse.

At 1:30 a. m. on August 21, 1973, Mrs. Leonard Hotaling, who was with her husband in the bedroom of their ground-floor apartment at 1275 Kruse in West St. Paul, heard a sound coming from the living room. Mrs. Hotaling, without waking her husband, arose, looked into the living room, and saw a person standing in the middle of the room. Awakened by his wife's screams, Mr. Hotaling jumped out of bed and ran into the living room, going straight to the open, sliding glass door through which the intruder had exited. From a distance of 10 feet Mr. Hotaling, who described the exterior lighting as "very good," saw what he described as "a short, stocky, young fellow with long, whitish-yellowish hair" who was "kind of running around in a circle." Mr. Hotaling then yelled at the person who responded by throwing an object (a candle taken from the living room) at Mr. Hotaling. The person then ran and got into a car about 50 feet away and drove off in a southerly direction. As this was happening, Mr. Hotaling yelled, "I can identify him," and instructed his wife to call the police and tell them that a short, stocky intruder with long, yellow hair had left the scene in a a small, blue-colored foreign car, possibly a Toyota.

A short time later Officer Donald Danneker, who had received a dispatch to be on the lookout for a small, blue foreign car, pos-

sibly a Toyota, spotted a blue Volkswagon "Beetle" driving west on Emerson toward Robert (Robert, one block west of Kruse, runs parallel with Kruse). Danneker immediately radioed for a description of the intruder and was told that he had blond, shoulder-length hair. As the car passed Danneker, Danneker observed that the driver fit this description. Danneker then stopped the car and arrested the driver (defendant), putting him in the back of the squad car and driving him immediately to the apartment. At the apartment Danneker told Mr. and Mrs. Hotaling that he had a party in the squad car that fit the description which the dispatcher had provided and asked them if they would take a look at the person. Viewing defendant seated in the back seat of the squad car, Mr. Hotaling readily and positively identified defendant, saying, "Yes, that is the party." Mrs. Hotaling had not gotten a good look at the intruder's face in the apartment and thus was not able to state whether or not defendant was the intruder, only that the outline was the same. Later, after other officers had taken custody of defendant, Officer Danneker took Mr. Hotaling to the place where defendant's car was parked. As they approached the car, Mr. Hotaling stated, "That's the one."

We hold that the on-the-scene confrontation did not violate defendant's right to due process. We said, in State v. Carey, 296 Minn. 214, 219, 207 N. W. 2d 529, 532 (1973), in a very similar case wherein the police, after validly arresting the defendant within minutes following a robbery, took him to the scene where he was identified by the victim:

"* * * The manner in which defendant was presented for identification was not unduly suggestive or otherwise unfair. From the standpoint of a suspect, it is in his interest to have an immediate confrontation with the alleged victim, whose observation may serve promptly to exonerate him as much as to implicate him, and that procedure avoids the embarrassment and inconvenience of being booked at the police station pending the more formal procedures of a lineup. And, of course, an identification, or nonidentification, by an alleged victim while the mat-

ter is fresh and free of other influences is in the public interest of efficient law enforcement."

And see State v. Long, 298 Minn. 581, 216 N. W. 2d 640 (1974), where this court cited the Carey case in disposing of a due-process challenge to a similar on-the-scene identification.

Reversed and remanded.