**STATE of Minnesota, Respondent,**

v.

**Kirk Anderson BOLTS, Appellant.**

**No. 49218.**

Supreme Court of Minnesota.

Feb. 15, 1980.

719

C. Paul Jones, Public Defender, and J. Christopher Cuneo, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Division, David W. Larson, and Thomas A. Weist and Janeen E. Rosas, Asst. County Attys., Minneapolis, for respondent.

WAHL, Justice.

Defendant was found guilty by a district court jury of aggravated forgery, Minn. Stat. § 609.625, subd. 3 (1978), for uttering a forged payroll check which had been stolen from a locked desk in the manager's office in the parking ramp where defendant worked. Defendant, who was sentenced by the trial court to a maximum prison term of 10 years, contends on this appeal from judgment of conviction that (1) the trial court prejudicially erred in admitting evidence showing that on three prior occasions—once in 1974 and twice in 1977—defendant had committed similar crimes, and (2) the evidence of his guilt was legally insufficient. We affirm.

Defendant makes a number of arguments in support of his contention that the trial court abused its discretion in admitting the other-crime evidence, which showed that on each prior occasion defendant had taken checks belonging to people he knew and then had negotiated them at liquor establishments where he was known. Without discussing each of defendant's arguments, we hold that the trial court properly admitted the evidence because the evidence of defendant's participation in the offenses was clear and convincing, the evidence was relevant, and the probative character of the evidence outweighed its potential for unfair prejudice. While one of the prior crimes occurred 4 years earlier, something which normally might render the evidence irrelevant, in this instance the evidence was still relevant because defendant had been in prison for most of one of the years in the 4-year interval and had committed two similar crimes during the last year of the 4-year interval. In other words, the evidence showed a pattern of similar conduct by defendant. See, in this regard, State v. Anderson, 275 N.W.2d 554 (Minn. 1978) (admission of 6-year-old prior crime as Spreigl evidence where it was part of a continuing pattern of conduct). In summary, we hold that the trial court did not abuse its discretion in admitting the other-crime evidence to prove identity.

There is no merit to defendant's contention that the evidence of his guilt was legally insufficient.

Affirmed.