**STATE of Minnesota, Respondent,**

v.

**Timothy E. COLES, Appellant.**

**No. 81–1240.**

Supreme Court of Minnesota.

Jan. 7, 1983.

C. Paul Jones, Public Defender, and Mary E. Steenson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Richard Osborne, J. Michael Richardson, Asst. County Attys., and Beverly J. Wolfe, Minneapolis, for respondent.

TODD, Justice.

Defendant was found guilty by a district court jury of aggravated robbery and was sentenced by the trial court to 65 months in prison, which is the presumptive sentence established by the Sentencing Guidelines for this offense (severity level VII) by a person with defendant's criminal history score (four). On this appeal from judgment of conviction defendant seeks an outright reversal on the ground that the evidence identifying him as one of the robbers was legally insufficient. Alternatively, he seeks a new trial on the ground that he was prejudiced by (a) the failure of a police officer to respond to a defense subpoena, (b) the admission of certain other-crime evidence, and (c) the presence of a resident of another county on the jury that found him guilty. We affirm.

The evidence of defendant's guilt was sufficient. It consisted of positive eyewitness identification testimony by the two victims of the charged robbery as well as by a victim of a separate robbery committed as part of the same behavioral incident as the charged robbery. Defendant was also positively identified as the perpetrator of a remarkably similar robbery committed against another person approximately a month earlier.

Defendant forfeited his right to have us consider the issue of the failure of the police officer to respond to a defense subpoena when defendant dropped his motion for a mistrial or a continuance and stipulated to the admission of the officer's report. That report summarized the information that defendant would have elicited if the officer had responded to the subpoena and testified. The admission of the report also rendered harmless any error resulting from the officer's alleged failure to respond to the subpoena.

The trial court did not err in admitting the evidence of defendant's participation in the earlier robbery or the evidence of his participation in the other robbery that was committed as part of the same behavioral incident as the charged robbery. Defendant had actual notice of the state's intent to introduce this evidence and was not surprised by it. The evidence of defendant's participation in these offenses was clear and convincing. The probative value of this evidence outweighed any potential that it had for unfair prejudice. Cases supporting admission of the other-crime evidence in this case include *State v. Johnson,* 322 N.W.2d 220 (Minn.1982), and *State v. Bolts,* 288 N.W.2d 718 (Minn.1980).

Defendant's final contention is that a new trial is required because one of the jurors who tried him and found him guilty

was a resident of a different county. There is nothing in the record on appeal to support this contention. Further, no record was made of *voir dire* and we therefore do not know if defendant preserved the claim of error by questioning the juror in question about his residence. Finally, defendant has failed to establish that any error in seating the juror was prejudicial. *State v. Olson,* 195 Minn. 493, 263 N.W. 437 (1935); *State v. Durnam,* 73 Minn. 150, 75 N.W. 1127 (1898).

Affirmed.