**Daniel LeRoy PATTEN,
petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. C5-85-1583.

Court of Appeals of Minnesota.

Dec. 17, 1985.
Review Denied Feb. 14, 1986.

C. Paul Jones, State Public Defender, Mary C. Cade, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Section, Paul R. Jennings, Asst. Co. Atty., Minneapolis, for respondent.

Considered and decided by LESLIE, P.J., and WOZNIAK and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

Appellant Daniel LeRoy Patten appeals from an order which denied his petition for post-conviction relief. Patten contends that the post-conviction court erred when it found that (1) there was sufficient evidence to support his conviction; (2) the trial court did not err in admitting *Spreigl* evidence; and (3) appellant had effective assistance of counsel. We affirm.

## FACTS

In January 1983, Daniel Patten was convicted by a Hennepin County District Court jury of three counts of first degree criminal sexual conduct, Minn.Stat. §§ 609.-342(c), (d), and (e)(i) (1983). He received an executed sentence of 95 months. His appeal to the Minnesota Supreme Court was dismissed by stipulation in September 1983.

In March 1985, Patten brought a petition for post-conviction relief. Patten submitted his own affidavit and a lengthy memorandum in support of the petition. The State presented its own memorandum and the affidavit of Patten's trial counsel.

A hearing on the petition was held in May 1985. Patten filed an amended petition based on the same grounds as his initial petition. The court adopted the state's memorandum as its findings of fact, and denied the petition.

## ISSUE

Was there sufficient evidence to support the post-conviction court's denial of appellant's petition for post-conviction relief?

## ANALYSIS

On appeal from a denial of a petition for post-conviction relief, the scope of review:

is limited to ascertaining whether there is sufficient evidence in the record to support the findings of the post-conviction court.

*Doughman v. State*, 351 N.W.2d 671, 674 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. Oct. 16, 1984).

### A. *Sufficiency of the Evidence.*

Patten first contends that there was insufficient evidence to support the jury's verdicts of guilty.

In reviewing a claim of insufficiency of the evidence, we are limited to ascertaining whether, given the facts in the record and the legitimate inferences that can be drawn from those facts, a jury could reasonably conclude that a defendant was guilty of the offense charged. We cannot retry the facts, but must take the view of the evidence most favorable to the state and must assume that the jury believed the state's witnesses and disbelieved any contradictory evidence. If the jury, giving due regard to the presumption of innocence and to the state's burden of proving the defendant's guilt beyond a reasonable doubt, could reasonably have found the defendant guilty, that verdict will not be reversed.

*State v. Merrill*, 274 N.W.2d 99, 111 (Minn. 1978) (citations omitted). Generally, corroboration of the testimony of a complainant in sex crime offenses is not required.

Minn.Stat. § 609.347, subd. 1 (1984); *State v. Heinzer*, 347 N.W.2d 535, 538 (Minn.Ct. App.1984), *pet. for rev. denied* (Minn. July 26, 1984). In an individual case, the absence of corroboration might mandate a holding that the evidence was legally insufficient. *State v. Ani*, 257 N.W.2d 699, 700 (Minn.1977).

Here, the victim's testimony was positive and directly implicated Patten in the crimes charged, and was only contradicted by the defendant's own testimony. There was also strong corroborating evidence, including: (a) a prompt complaint after the victim was released; (b) evidence of the victim's physical and emotional condition; (c) evidence of personal injury, something a woman normally does not sustain in an act of consensual sexual intercourse; (d) evidence that the victim was never allowed to drive her own car or left alone during the three-day ordeal; and (e) the testimony of Patten, who confirmed the acts of sexual penetration. There was sufficient evidence that sexual penetration was nonconsensual. *See State v. DeBaere*, 356 N.W.2d 301, 304 (Minn.1984).

Patten argues that the victim's failure to attempt escape creates a reasonable doubt as to his guilt. But attempted escape from an actor is not an element of first degree criminal sexual conduct.[1] Whether a victim later attempted to escape is not determinative of whether she consented to earlier acts of sexual penetration. Her failure to attempt escape perhaps goes to her credibility, an issue considered and decided by the jury. Under *Merrill*, we must assume the jury believed the victim's testimony that she was repeatedly forced to have sex with Patten.

### B. *Spreigl Evidence.*

Patten next contends that the post-conviction court erred when it found that the trial court had properly admitted testimony concerning a prior kidnapping by appellant.

---

1. "Consent" is defined by Minn.Stat. § 609.341, subd. 4 (1984) as "a voluntary uncoerced man- ifestation of a present agreement to perform a particular sexual act."

The decision to admit or reject evidence of other crimes rests in the sound discretion of the trial judge. *State v. Dinneen,* 300 Minn. 354, 220 N.W.2d 292 (1974).

A defendant claiming error in the trial court's reception of evidence has the burden of showing both the error and the prejudice resulting from the error. A reversal is warranted only when the error substantially influences the jury to convict.

*State v. Loebach,* 310 N.W.2d 58, 64 (Minn. 1981) (citations omitted).

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Minn.R.Evid. 404(b).

■ The state had offered *Spreigl* evidence to establish intent. The trial court held an in camera hearing and found the evidence admissible for that limited purpose. Minn.R.Evid. 404(b). Implicit in this finding was the rejection of appellant's contention that the prejudicial effect of the evidence outweighed its probative value. The trial court cautioned the jury regarding the use of the evidence prior to its admission and again during final instructions. *State v. Taylor,* 369 N.W.2d 30, 32 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. August 20, 1985).

Here there were remarkable similarities between the *Spreigl* incident and the crimes charged that demonstrated appellant's intent to commit those crimes. Both (1) took place in automobiles; (2) involved restraint of the victim; (3) had sexual assault as a goal; (4) included the use of a knife by Patten; and (5) were accomplished by deceiving the victim. The incidents were "close in time" in light of the fact that Patten finished his prison sentence on the first crime just four days before he committed this crime. Patten's claim that

evidence of the prior crime was improperly admitted is therefore without merit.

### C. *Effective Assistance of Counsel.*

Patten's final contention is that he was deprived of the effective assistance of counsel because his trial counsel failed to investigate a number of witnesses and make a motion for a new trial.

In *Strickland v. Washington,* [466] U.S. [668], 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court articulated the standards to be used in determining effectiveness of counsel:

The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.

\*      \*      \*      \*      \*      \*

[T]he performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances.

*Id.* at —— 104 S.Ct. at 2064, 2065. Even when an attorney has made an error that is professionally unreasonable, a conviction cannot be overturned unless the appellant also shows "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at ——, 104 S.Ct. at 2068. *State v. Spencer,* 366 N.W.2d 656, 661 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. July 11, 1985).

Patten's assertions regarding the potential witnesses were effectively rebutted by the affidavit of his attorney. We agree with the post-conviction court that there was insufficient evidence to reverse Patten's convictions on these grounds.

■ Similarly, the lack of a motion for new trial does not establish ineffective trial counsel. The failure to move for new trial does not affect the right of a criminal defendant to obtain review of the issues which may have been raised in a motion for new trial. Minn.R.Crim.P. 28.02, subd. 11.

Here, Patten raised several issues in his post-conviction petition and in this appeal. He has not shown any prejudice from the failure of trial counsel to move for a new trial. He has not demonstrated that, had trial counsel moved for a new trial, "the result of the proceeding would have been different." *Strickland*, 466 U.S. at ——, 104 S.Ct. at 2068.

## DECISION

The denial of appellant's petition for post-conviction relief was supported by sufficient evidence.

Affirmed.