**STATE of Minnesota, Respondent,**

v.

**Francisco Gevera PEREZ, Appellant.**

**No. C7–86–140.**

Court of Appeals of Minnesota.

Dec. 23, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert M.A. Johnson, Anoka Co. Atty., Marcy S. Crain, Asst. Co. Atty., Anoka, for respondent.

Salvador M. Rosas, Neighborhood Justice Center, St. Paul, for appellant.

Heard, considered and decided by CRIPPEN, P.J., and LANSING, Judge and LESLIE, JJ.

## OPINION

CRIPPEN, Judge.

Appellant Francisco Perez was arrested as the driver of the car in which two armed robbers escaped. A jury convicted appellant of aggravated robbery and acquitted him of an assault charge arising out of the same incident. The trial court entered judgment and denied appellant's motion for a new trial. Appellant alleges the trial court committed reversible error in its evidentiary and jury instruction rulings. We reverse and remand for a new trial.

## FACTS

On July 3, 1985, Ronald Larson was working alone at the Q Petroleum Superette on 53rd and Central Avenues in Fridley. At approximately 2:40 a.m., Larson saw a car pull into the parking lot. A man later identified as Luis Serna got out of the car and entered the store. Serna used the store's bathroom and then went back to the car.

A few minutes later, Serna reentered the store and asked Larson to lend him $20. Larson refused. A second man, wearing a red bandanna, sunglasses, and black leather driving gloves had followed Serna into the store.

Larson walked to the back of the store and locked the door to the office, which contained money and a safe. When Larson returned, Serna pointed a small gun at him. The second man held a knife in his hand. The second man hit Larson across the face, knocking his glasses to the floor. Larson complied with the men's orders to open the cash register and to then sit on the floor. The second man kicked Larson in the face.

The robbers collected the money from the register and took three cartons of Marlboro cigarettes. They told Larson to stay on the floor, then left. After waiting a few seconds, Larson dialed 911 and reported the robbery.

The police stopped a car matching Larson's description a few minutes later as it traveled west on 53rd Avenue. Appellant Francisco Perez was identified as the driver of the car. The car's only other occupants were Serna and Martin Gonzales. The police found a wad of bills between the floorboards behind the driver's seat and a knife underneath the front passenger seat. A red bandanna, sunglasses, black driving gloves, and three cartons of Marlboro cigarettes were in the back seat area. The police retraced their route and found a gun in the driveway of a home on the corner of 53rd and Main. Larson identified all of these items from the robbery.

At trial, Larson identified Martin Gonzales as the person who followed Serna into the store, wearing a bandanna and sunglasses. Serna, who entered a guilty plea to aggravated robbery, testified on appellant's behalf, saying that he and appellant, Gonzales, and another man known only as the "Rat" arrived together at the store. Serna first entered the store alone to use the bathroom. When he returned, appellant and Gonzales had walked away from the car. The Rat told Serna to ask Larson to lend him $20. Serna went back into the store and the Rat, not Gonzales, followed. After Larson refused him the money, the Rat snapped something into his hand, which Serna realized was a gun. The robbery then progressed as described by Larson. When Serna and the Rat came out of the store, the Rat took off his glasses, bandanna, and gloves and threw them into the car, along with the knife and the money. He then left on foot. When Gonzales and appellant returned to the car, Serna said nothing about the robbery and the three of them drove away. Serna testified he did not intend to rob the store until the

Rat put the gun into his hand. He also testified appellant did not have any part in the robbery, either before or after its commission.

Appellant has three prior felony convictions. In 1976, he was convicted of aggravated robbery for the robbery of a drive-in theater in Dakota County. Appellant was convicted in 1981 of forgery and procurement of dangerous drugs by fraud.

At trial, appellant moved for the exclusion of *Spreigl* evidence relating to the 1976 aggravated robbery conviction. He also moved that the prosecution be prohibited from impeaching him with that conviction if he chose to testify. Finally, he moved that the prosecution be prohibited from impeaching defense witness Serna with Serna's 1978 conviction for criminal sexual conduct in the third degree. The trial court denied each motion. Appellant did not testify. The prosecution introduced into evidence a certified copy of appellant's 1976 aggravated robbery conviction.

At the close of evidence, appellant submitted a request for a jury instruction on the lesser-included offense of Aiding an Offender to Avoid Arrest. *See* Minn.Stat. § 609.495, subd. 1 (1984). The trial court refused his request.

### ISSUES

1. Was it error to admit *Spreigl* evidence of appellant's 1976 conviction for aggravated robbery?

2. Did the trial court err by permitting impeachment of appellant by evidence of his prior conviction?

3. Did the trial court err by permitting impeachment of appellant's witness by evidence of his prior conviction?

4. Was it error to refuse appellant's requested jury instruction on the lesser-included offense?

### ANALYSIS

1. Evidence of other crimes "may not be introduced against an accused unless it comes under one of the recognized exceptions." *State v. Billstrom*, 276 Minn. 174, 176–77, 149 N.W.2d 281, 283 (1967). The exceptions provide that such evidence may only be admitted to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Minn.R.Evid. 404(b).

The decision to admit evidence of other crimes is largely within the discretion of the trial court. *State v. Campbell*, 367 N.W.2d 454, 460 (Minn.1985). When evidence of defendant's participation in the prior offense is clear and convincing, the court must also determine whether this evidence is relevant and material to the State's case and whether the probative character of the evidence outweighs its potential for unfair prejudice. *State v. Filippi*, 335 N.W.2d 739, 743 (Minn.1983). Conversely, "the evidence is inadmissible if it is irrelevant to the State's case, if the sole purpose of its introduction is to show that the accused has a propensity to commit crimes, or if its potential for unfair prejudice outweighs its probative character." *State v. Stagg*, 342 N.W.2d 124, 127 (Minn. 1984).

To ensure the probative value of this kind of evidence, the supreme court has stated an additional standard. "Regardless of the purpose for which the evidence is admitted, there must be some relationship in time, location, or modus operandi between the crime charged and the [prior crime], and further, the direct or circumstantial evidence on the issue in question must be weak or inadequate." *Id.*

■ Respondent alleges similarities between appellant's 1976 conviction for aggravated robbery of the drive-in theater and the 1985 robbery of the Q Petroleum Superette. Both took money from an employee of a suburban business during late night hours under the threat of a small handgun. In both crimes, at least one perpetrator robbed the business while at least one other person drove the car away.

Because of the nine-year time gap between the two crimes and the difference in appellant's roles, however, the relevance of the prior crime is marginal. The fact that

a crime is distant in time can render the evidence of it irrelevant. *See State v. Bolts,* 288 N.W.2d 718, 719 (Minn.1980); *see also State v. Matteson,* 287 N.W.2d 408, 411 (Minn.1979) (gap of one and one-half years weighs against admissibility). Even discounting time spent in prison for the earlier convictions, a lengthy time gap of five years remains. *See Bolts,* 288 N.W.2d at 719 (gap of four years might render evidence irrelevant).

Moreover, appellant personally committed the 1976 robbery while wearing a ski mask. Appellant's role here, if any, was as driver of the car in which the robbers escaped. The similarity in the modus operandi used in the two crimes does not extend to appellant individually and weighs against the relevancy of the prior conviction. Cases relied on by respondent involve either time gaps not exceeding four months or a strikingly similar modus operandi by the individual defendant. *See e.g., State v. Gutberlet,* 346 N.W.2d 639 (Minn.1984) (crimes four months apart); *State v. McAdoo,* 330 N.W.2d 104 (Minn.1983) (crimes one night apart); *State v. Coles,* 328 N.W.2d 157 (Minn.1983) (crimes remarkably similar and one month apart); *State v. Scott,* 323 N.W.2d 790 (Minn.1982) (signature modus operandi); *State v. Elli,* 267 Minn. 185, 125 N.W.2d 738 (1964) (crimes in identical location, robber similarly masked and armed, and three months apart); *Robinson v. State,* 366 N.W.2d 306 (Minn.Ct. App.1985) (signature modus operandi); *State v. Hines,* 354 N.W.2d 91 (Minn.Ct. App.1984), *pet. for rev. denied,* (Minn. Nov. 7, 1984), (three prior crimes within one mile distance and four months apart).

Relevance is also evaluated by the strength of the State's evidence. *State v. Hinkle,* 310 N.W.2d 97, 99 (Minn.1981). Evidence of prior crimes will only be admitted if it is necessary to sustain the State's burden of proof on the issue in question. *See, e.g., State v. Langley,* 354 N.W.2d 389, 397 (Minn.1984) (evidence of prior assaultive relationship necessary to explain bruises on victim). "The most common purposes for which evidence of this nature is admitted are to show intent or other mental state and to prove identity." *Stagg,* 342 N.W.2d at 127. According to respondent, its purposes here for requesting the admission of appellant's prior conviction were to prove "identity, intent, knowledge, opportunity, common scheme or plan, as well as absence of mistake or accident."

When identity is a crucial issue, the state has a right to fortify its position with evidence of similar, related offenses. *Billstrom,* 276 Minn. at 178–79, 149 N.W.2d at 284; *see also State v. Hudson,* 281 N.W.2d 870, 873 (Minn.1979) ("evidence of identity was not conclusive, and, therefore, evidence of other crimes was necessary to prove that defendant was the robber").

Appellant's identity is not at issue. Thus, the only justification for admitting the evidence is respondent's need to prove the issues of appellant's intent, knowledge, or other mental state. The evidence on these issues is not enhanced, however, by a nine-year old conviction in which appellant played a role distinct from that alleged in the present charge. It is evident that the primary question of fact in this case regarded the identification of the robber who accompanied Luis Serna into the store; if this robber was Martin Gonzales, the defense testimony by Serna was seriously impeached. The prior crime of appellant had no relevancy to this key question of fact.

The primary effect of the introduction of the evidence of appellant's prior crime would be to taint the jurors' opinion in the exact manner prohibited by law, leading them to believe that appellant has the propensity to commit robberies. The prejudicial effect of introducing appellant's 1976 conviction outweighs its probative force. It was error to admit the evidence.

■ The court's decision to admit the *Spreigl* evidence was not harmless error. To conclude that the error was without prejudice we must hold that appellant's guilt was "conclusively proven." *State v. Dinneen,* 300 Minn. 354, 359, 220 N.W.2d 292, 295 (1974) (quoting *State v. Hutchison,* 121 Minn. 405, 409, 141 N.W. 483, 484

(1913)). A conviction based on circumstantial evidence will be conclusive of defendant's guilt when the reasonable inferences from such evidence are "consistent [only] with defendant's guilt and inconsistent with any rational hypothesis except that of his guilt." *Langley*, 354 N.W.2d at 396 (stating sufficiency of the evidence standard for cases proven by circumstantial evidence).

The State's case against appellant was entirely circumstantial. The only direct evidence against appellant linked him to the escape but not to the robbery. Larson never saw appellant and could not say whether anyone other than Serna got in or out of the car. The contested issues relate to appellant's knowledge and intent and are provable only by circumstantial evidence or by impeaching appellant if he were to testify. Because the inferences from the available evidence are not necessarily inconsistent with appellant's innocence, appellant's guilt was not conclusively proven and a new trial is necessary.

■ 2. A witness may be impeached by evidence of a prior conviction

> but only if the crime (1) was punishable by death or imprisonment in excess of one year * * * and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect, or (2) involved dishonesty or false statement, regardless of the punishment.

Minn.R.Evid. 609(a). Unless a clear abuse of discretion is shown, a trial court's admission of prior convictions for impeachment purposes will be sustained. *State v. Brouillette*, 286 N.W.2d 702, 707 (Minn. 1979).

Appellant contends the trial court erred by ruling that he could be impeached by his prior aggravated robbery conviction if he chose to testify. He argues the prior conviction is not admissible under either strand of Rule 609(a). In *Brouillette*, however, the supreme court held that "[j]ust because a crime is not directly related to truth or falsity does not mean that evidence of the conviction has no impeachment value." *Id.* This court has previously held that a prior conviction for aggravated robbery was properly admitted under Rule 609(a)(2) as a "crime involving dishonesty." *State v. Stanifer*, 382 N.W.2d 213, 218 (Minn.Ct.App.1986). If appellant testifies, the trial court may properly admit his conviction for impeachment purposes under Rule 609(a)(2). *See id.*

■ 3. Appellant also contends the trial court erred in permitting the impeachment of defense witness Serna through Serna's 1978 conviction for third degree criminal sexual conduct. Because a prior conviction for criminal sexual conduct can only be admitted under Rule 609(a)(1) (felony offense not necessarily involving dishonesty), its admission depends on whether its probative value outweighs its prejudicial effect. *See State v. Bettin*, 295 N.W.2d 542, 545 (Minn.1980). In balancing the probative value against the prejudicial effect, five factors are considered: (1) the impeachment value of the prior crime; (2) the date of the conviction and the witness's subsequent history; (3) the similarity of the past crime with the charged crime; (4) the importance of the witness's testimony; and (5) the centrality of the credibility issue. *State v. Jones*, 271 N.W.2d 534, 537–38 (Minn.1978).

The prejudicial effect of Serna's impeachment outweighs its probative value. The relevancy of the prior conviction is diminished by its age; the conviction was seven years old at the time of trial. The conviction was for criminal sexual conduct, "a conviction having much less bearing on veracity or honesty than do many other crimes." *Bettin*, 295 N.W.2d at 546.

Moreover, Serna's credibility was put squarely in issue by other evidence. The jury heard that Serna met appellant in prison while both were serving time for prior offenses; this by itself brings Serna's concern for law and order into question. *See Brouillette*, 286 N.W.2d at 707 (lack of trustworthiness may be evinced by an abiding and repeated contempt for laws that the witness is legally and morally bound to obey). In addition, the jury knew that Ser-

na pleaded guilty to the current offense and listened to his story about the elusive "Rat" and his own lack of intent to commit robbery until the "Rat" put the gun in his hand. Given the substantial evidence of Serna's questionable credibility, there was too little probative value in further impeaching him with a seven-year old conviction for a crime not directly involving dishonesty. It was error to permit this impeachment.

 4. Where the evidence warrants an instruction on a lesser-included offense, the trial court must give the instruction. *Bellcourt v. State,* 390 N.W.2d 269, 273 (Minn.1986). "A lesser-included offense is necessarily included if it is impossible to commit the latter without also committing the former." *Id.* "In determining whether an offense is a lesser-included offense, the court looks at the elements of the offense, not the facts of the particular case." *Id.*

Appellant alleges that the offense of aiding an offender to avoid arrest is a lesser-included offense of aggravated robbery. *See* Minn.Stat. § 609.495, subd. 1 (1984). The supreme court, however, has held that the offense of aiding an offender to avoid arrest is a "separate and distinct offense which is not an included offense of aggravated robbery under [the statute defining lesser-included offenses]." *State v. Long,* 298 Minn. 581, 582, 216 N.W.2d 640, 641 (1974).

Appellant claims *Long* is not controlling because the defendant there was convicted of the actual commission of the robbery whereas appellant was charged under the "liability for crimes of another" statute. *See* Minn.Stat. § 609.05, subd. 1 (1984). The distinction is not probative. Because appellant could not have begun to aid Serna and the other robber to avoid arrest until the robbery was completed, he still could have been separately charged with aiding an offender to avoid arrest. The trial court properly refused appellant's requested jury instruction.

## DECISION

The admission of *Spreigl* evidence was reversible error. The trial court properly permitted impeachment of appellant by his prior conviction for aggravated robbery but erred in permitting the impeachment of defense witness Serna by his prior conviction for criminal sexual conduct. The trial court properly refused appellant's requested jury instruction.

Reversed and remanded for new trial.