STATE of Minnesota, Respondent,

v.

Nona Lee CHAMPION, Appellant.

No. C1–86–2188.

Court of Appeals of Minnesota.

Oct. 6, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Section, Beverly J. Wolfe, Asst. Co. Atty., C–2000 Government Center Minneapolis, for respondent.

C. Paul Jones, State Public Defender, Mollie G. Raskind, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by FOLEY, P.J., and PARKER and SEDGWICK, JJ.

## OPINION

SEDGWICK, Judge.

Appellant Nona Champion appeals from her conviction and sentence for theft. She challenges the admission of evidence of prior crimes, sufficiency of the evidence and imposition of the presumptive sentence. We affirm.

## FACTS

On December 27, 1984, Karl Pixler, a plainclothes security officer at Target in Ridgedale, saw four black women enter the store around 8 p.m. Pixler testified he got a good look at them and recognized two from seeing them in the store in the past. At trial, Pixler identified one of the two as Champion.

Pixler saw Champion push a shopping cart up the computer aisle. The women stood around the cart, with the cart next to the rack. Pixler saw them place three boxes in the cart, two of which he recognized as containing Commodore Plus 4 computers. He was not sure whether Champion had placed any of the boxes in the cart.

The women pushed the cart into another aisle. Another security officer, Timothy Fisher, arrived and told Pixler he saw two black men walking through the store. Pixler left to watch the men, and saw them walking along the main aisle, talking and not looking at any items. The men stopped at the aisle the women were in, looked towards the women, said something to each other, and then kept walking. Pixler concluded they were acting as lookouts.

Fisher recognized boxes in the cart as containing Commodore Plus 4 computers, priced at $299 each. He testified the women were crowded around the cart, and one of them removed a computer keyboard from one of the boxes and placed it in a black bag. At trial, Fisher identified Champion as one of the four women, but could not say whether she was the one who put the keyboard in the bag.

Pixler testified he saw the women leave the store one at a time and enter a blue car with a white roof, driven by one of the men. When Fisher returned to the aisle the women had been in, he found two empty Commodore Plus 4 boxes; an empty Record-A-Call box; an empty Atari printer box; and a styrofoam insert for the Atari box.

About 9 that night, a man identifying himself as Willy Wesley returned a Commodore Plus 4 computer at the Target

West Broadway store. He did not have a sales receipt. The man received a cash refund of $317.99 and left.

A security manager at Target in Crystal, Judy Larson, had been notified by Pixler about the theft at Ridgedale. Shortly before 10 that night, she saw four black women and two black men enter the store. Larson called the police.

The men went to the service desk, identified themselves as Bobby Champion and Willis Wesley, and returned a Commodore Plus 4 computer and an Atari 1027 printer for cash refunds of $317.99 and $296.79. They did not have sales receipts.

The men and women left the store together and were arrested after they entered a blue car with a white roof. The persons arrested were Nona, her brother Bobby Joe Champion, Willy Wesley, Alice Johnson, Etavia Jefferson and Tawana Williams. Pixler identified the four women and Bobby Joe Champion from police photographs as the persons he saw at Target Ridgedale. Fisher identified from police photographs Nona, Jefferson, and Bobby Joe Champion as the driver of the car.

Neither the Atari printer nor the Commodore computer returned at Crystal matched the serial numbers on the empty Ridgedale boxes, although one of the Commodore boxes did not have a serial number. Fisher testified it was common for computer items to be sold in boxes with differing serial numbers at that time of year, because items returned without boxes would be placed in empty boxes found on shelves.

The state introduced evidence relating to Nona's two prior convictions for shoplifting.

Nona did not testify. Her brother Bobby Joe testified that on the night of December 27th he returned a computer he had received as a Christmas gift, and he took along Nona and some friends. They were arrested after returning to the car.

The jury found Nona Champion guilty of theft over $250 under Minn.Stat. §§ 609.52, subd. 2(1), 609.52, subd. 3(2), 609.05 (1986). The trial court rejected her motion for a dispositional departure and sentenced her to the sentencing guidelines' presumptive sentence of 19 months imprisonment.

## ISSUES

1. Did the trial court err by admitting evidence relating to appellant's prior shoplifting convictions?

2. Was the verdict supported by sufficient evidence?

3. Did the trial court abuse its discretion by not departing dispositionally from the presumptive sentence?

## ANALYSIS

### I.

The state introduced evidence related to Champion's two prior convictions for shoplifting. The first was for shoplifting from Donaldson's in Minneapolis on May 7, 1982. Two security officers testified they saw Champion and two other women moving clothing from various racks onto one other rack, and then place the clothing in bags. Champion and Tawana Williams were arrested after leaving the store without paying.

The second conviction was for shoplifting from J.C. Penney in Southdale on June 22, 1983. A security officer testified he saw Champion and three other women moving items to the rear of the store. While Champion placed items in one bag, the others removed another bag full of items and placed them in the trunk of a car in the parking lot. Champion was arrested in the car after she had left the store without paying for the items in her bag.

■ Admission of evidence of other crimes rests in the sound discretion of the trial court and will be upheld absent a clear abuse of discretion. *State v. Ture*, 353 N.W.2d 502, 515 (Minn.1984). Evidence of other crimes is admissible where it

> tends to establish common scheme or plan embracing the commission of similar crimes "so related to each other that proof of one or more of such tends to establish the [current] accusation."

*State v. Doughman*, 384 N.W.2d 450, 453–54 (Minn.1986) (citation omitted).

■ Here, the prior offenses were sufficiently related in time and manner to the present one to be admissible. *See, e.g., State v. Crocker,* 409 N.W.2d 840 (Minn. 1987); *Ture,* 353 N.W.2d at 515; *State v. Bolts,* 288 N.W.2d 718 (Minn.1980). The evidence was relevant because Champion's alibi defense (presented through her brother's testimony) placed in issue her identity as one of the four women seen at Target Ridgedale. *See Ture,* 353 N.W.2d at 515; *Bolts,* 288 N.W.2d at 719. The trial court properly concluded that probative value of the evidence outweighed its potential for unfair prejudice.

## II.

Champion was convicted of felony theft under the following statutes:

> Whoever does any of the following commits theft * * * :

> (1) intentionally and without claim of right takes * * * movable property of another without * * * consent and with intent to deprive the owner permanently of possession of the property * * *.

Minn.Stat. § 609.52, subd. 2(1) (1986).

> Whoever commits theft may be sentenced as follows:

> *        *        *        *        *        *

> (2) To imprisonment for not more than five years or to payment of a fine of not more than $10,000, or both, if the value of the property or services stolen is more than $250 * * *.

Minn.Stat. § 609.52, subd. 3(2) (1986).

> A person is criminally liable for a crime committed by another if the person intentionally aids, advises, hires, counsels, or conspires with or otherwise procures the other to commit the crime.

Minn.Stat. § 609.05, subd. 1 (1986).

■ Where a defendant appeals based on sufficiency of the evidence, the issue is whether the jury could reasonably have found the defendant guilty viewing the evidence in the light most favorable to the verdict. *State v. Daniels,* 332 N.W.2d 172, 180 (Minn.1983). Champion argues her alibi defense created a reasonable doubt as to her guilt and so there was insufficient evidence to convict.

■ Pixler and Fisher identified Champion as one of the four women who had removed computer items from Target Ridgedale. Pixler also identified the three other women arrested at Crystal as being the three with Champion at Ridgedale. Viewing all the evidence most favorably to the state, there was sufficient evidence to convict Champion of theft.

## III.

Champion's presumptive sentence under the sentencing guidelines was 19 months executed. She moved the trial court to depart dispositionally by sentencing her to probation, with residential treatment as a condition of the stay of execution. The probation officer recommended probation, and a counselor at a drug abuse treatment program testified she would be appropriate for admission.

■ Among the reasons the trial court gave for denying Champion's motion were that it doubted Champion's sincerity in seeking treatment because she had failed to cooperate with court services after her conviction, and that she had neither admitted guilt nor shown remorse.

A trial court must impose the presumptive sentence unless the case involves "substantial and compelling circumstances." Minnesota Sentencing Guidelines II.D. The supreme court has stated:

> [W]e believe that it would be a rare case which would warrant reversal of the refusal to depart. * * * [T]he trial court has broad discretion and * * * we generally will not interfere with the exercise of that discretion.

*State v. Kindem,* 313 N.W.2d 6, 7 (Minn. 1981).

The trial court's refusal to depart was within its discretion.

## DECISION

Affirmed.